IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELIZABETH MCGEE,**

Plaintiff,

vs.

Case No. 2:24-cv-2163

**KUBOTA TRACTOR CORPORATION,**
**a California corporation,**

Defendant.

## NOTICE OF REMOVAL

Defendant Kubota Tractor Corporation hereby removes this case from the District Court of Johnson County, Kansas, to this Court under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity jurisdiction), 1441(a), (b) and (c)(1)(A), and 1446 and states the following in support of this Notice of Removal:[1]

## TIMELINESS OF REMOVAL

1.      On March 12, 2024, Plaintiff commenced this action by filing a lawsuit in the District Court of Johnson County, Kansas, captioned *Elizabeth McGee v. Kubota Tractor Corporation*, Case No. 24CV01274 (the "State Court Action").

2.      Plaintiff's Petition asserts two counts: disability discrimination and retaliation, both under the Americans with Disabilities Act, as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

3.      The Summons and Petition were served upon Defendant on April 5, 2024.

4.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant was served with the Summons and Petition.

---

[1]By filing this Notice of Removal, Defendant does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction.

5.      A copy of the Summons and Petition served upon Defendant and filed in the State Court Action are attached at Exhibit A.

## VENUE AND NOTICE

6.      Venue is proper in this Court because this case was originally filed in the District Court of Johnson County, Kansas, which lies within this judicial district. 28 U.S.C. §§ 96, 1446(a), 1391(b)(2); D. Kan. Rule 81.1(b).

7.      In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the District Court of Johnson County, Kansas, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected in the Certificate of Service.

## JURISDICTION

**A.      Federal Question Jurisdiction**

8.      Plaintiff is pursuing this action solely under federal law, namely, the ADA. *See* Exhibit A, Petition, Counts I and II.

9.      Because Plaintiff's Petition alleges claims that arise under the laws of the United States, this matter is within the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1337(a), and may be removed pursuant to 28 U.S.C. §§ 1441(a), (c), and (e).

**B.      Diversity Jurisdiction**

10.     Diversity jurisdiction requires complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

11.    For diversity purposes, "an individual's state citizenship is equivalent to domicile" and means the state where an individual is physically present and intends to make his home indefinitely. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).

12.    Plaintiff is a citizen of the State of Kansas. *See* Exhibit A, Petition, ¶ 1.

13.    A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14.    Defendant is incorporated in California and its principal place of business is in Grapevine, Texas. *See* Exhibit B, Declaration of Lance High ("High Decl."), at ¶ 3. Accordingly, Defendant is a resident of California and Texas.

15.    Diversity jurisdiction also requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16.    In determining whether the amount in controversy exceeds $75,000.00, courts consider compensatory damages, emotional distress damages, punitive damages, and attorneys' fees. *See Chen v. Dillard Store Svcs., Inc.*, 579 Fed. Appx. 618, 621 (10th Cir. 2014) ("[T]he district court also properly considered that punitive damages could increase the award."); *Robertson v. Asplundh Tree Expert Co.*, 2017 WL 4099479, at *3-4 (D. Kan. Sept. 15, 2017) (considering potential compensatory damages, emotional distress damages, and punitive damages to determine that plaintiff's claim exceeded the jurisdictional amount in controversy); *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("[T]he potential award of attorneys' fees, in addition to compensatory and treble damages, should have been considered in determining . . . the jurisdictional amount.").

17.    "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

18.    Here, Plaintiff states in her Petition that she is seeking damages "for her actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for her attorney's fees, for prejudgment interest." *See* Ex. A, Petition, WHEREFORE paragraph.

19.    Additionally, Plaintiff worked for Defendant on a full-time basis earning $19.50 per hour when her employment was terminated on August 24, 2023 *See* Ex. B, High Decl., ¶¶ 4-5. Accordingly, Plaintiff's annual earnings would have a been approximately $40,560 (assuming 40 hours per week, 52 weeks per year), or $3,380 per month.

20.    According to the *U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (December 31, 2023)*, the median time in civil cases from filing to trial in the U.S. District Court for the District of Kansas, is 37.6 months. Available at: https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/12/31-1.

21.    Accordingly, this case can be expected to be tried around April 2027, at which time Plaintiff's back pay alone could be at least $148,720 ($3,380 per month * 44 months (August 24, 2023 termination – April 2027 trial (37 months after filling)).

22.    Without even calculating Plaintiff's alleged emotional distress and other potential damages, Defendant has made more than a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89 (2014). Accordingly, this matter satisfies the amount in controversy requirement for removal.

**CONCLUSION**

Having fulfilled all statutory requirements, Defendant removes this action to this Court from the District Court of Johnson, Kansas, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

*/s/ Curtis R. Summers*
Curtis R. Summers, KS #22063
Direct: 816.627.4427
E-Fax: 816.817.2696
csummers@littler.com
Bonnie G. Birdsell, D. Kan. #78895
Direct: 816.627.4412
E-Fax: 816.817.1957
bbirdsell@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2024, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record, and served via U.S. Mail, postage prepaid, to the following:

Albert F. Kuhl
LAW OFFICES OF ALBERT F. KUHL
9393 West 110th Street, Suite 500
Overland Park, KS 66210
Al@kcjoblawyer.com

ATTORNEY FOR PLAINTIFF

*/s/ Curtis R. Summers*
ATTORNEY FOR DEFENDANT

5